## J. M. HAYNES v. JENNIE BROWN.

(Filed February 15, 1907.)

1. **CORPORATIONS—Stock Certificates Transfer.** Under the provisions of the statutes of this territory, the certificates of stock in a corporation are personal property and in order to transfer the legal title to the shares of stock represented by the certificates, they must be transferred by endorsement by the signature of the owner and delivered to the transferee, and to be good as against third parties must be transferred upon the books of the corporation.

2. **CONTRACTS—Damages—Demurrer to Evidence.** It is not error to sustain a demurrer to the evidence introduced to sustain an action to recover damages for breach of a contract by a buyer of personal property by failing to accept the property and pay for same where no actual damages are alleged and no proof of damages offered on the trial.

3. **SALES—Delivery Must be Proved, When.** Where there has not been an actual delivery of personal property, the seller in order to maintain an action for the purchase price must both aver and prove an offer to deliver and refusal to accept, and also that he is

able, willing and ready to deliver said property at all times, or allege some valid excuse for inability to keep good his offer to deliver.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*J. F. King,* for plaintiff in error.

*W. S. Cline* and *Claude Duval,* for defendant in error.

STATEMENT OF FACTS.

This was a suit by J. M. Haynes, plaintiff, to recover of the defendant, Jennie Brown, $2,000, upon a written contract for the sale by him, to her, of 20 shares of stock, for that amount. The court sustained a demurrer to plaintiff's evidence. and he appealed to this court.

Plaintiff in his petition alleged that on July 5, 1902, he was the owner of 20 shares of stock in the Newkirk Stone and Construction Co., a corporation, of the par value of $100 per share. That on the said day he made and entered into the following contract in writing with the defendant:

"Contract and agreement made and entered into on the 5th day of July, 1902, by and between J. M. Haynes of Newkirk, O. T., party of the first part, and Jennie Brown of Newkirk, O. T., party of the second part.

"Whereby party of the first part, for and in consideration of the sum of two thousand dollars ($2000), to be paid by second party to first party, hereby agrees to sell, transfer, and convey to party of the second part, twenty (20) shares of stock in the Newkirk Stone and Construction Company, at par value of $100 per share, without further cost to second party herein.

"It is agreed by the parties to this contract; that the sum of $500 is to be placed in the Farmers State Bank of

Newkirk, O. 'T., as a forfeiture on the part of second party; that she will pay the balance of the purchase price, as soon as party of the first part, can procure the proper transfer on the books of .the above named corporation of the twenty shares above referred to.

"It is hereby agreed and understood, that if party of the second part should fail to pay the balance of the purchase price, on proper execution of the above twenty shares of stock to party of the second part, that the $500 above mentioned, shall be delivered by the above named bank to party of the first part, as liquidated damages. If party of the first part should fail to make transfer as above specified, then he shall be held liable for damages in an equal sum, to party of the second part. The balance, $1500.00 be paid on or before August 1st, 1902.

"Signed this 5th day of July, A. D., 1902.

"J. M. Haynes

"Jennie Brown.

"Signed in the presence of

"W. D. Lewis..

"C. A. Johnson."

Plaintiff further alleged in his petition that he duly endorsed and assigned in writing the certificate evidencing said twenty shares of stock on the back thereof to said defendant, and duly transferred said stock to her; and has duly caused said twenty shares of stock to be transferred to said defendant upon the books of the said corporation; and that he duly notified the defendant of said assignment and said transfer of the stock upon the books of the company, and thereafter duly tendered her the certificate thereof and demanded payment of the $2000, but she refused to pay said $2000, or to turn over the $500 forfeit provided for in the contract, and he demanded judgment for $2500.

. An answer was filed to this petition, admitting the execution of the contract, and the refusal to pay for same, and setting up alleged false and fraudulent representations by which defendant was induced to enter into the contract, and an offer to rescind prior to the bringing of the suit. The reply was a general denial. The cause was tried to a jury, and the plaintiff introduced his evidence and rested; whereupon the court sustained a demurrer to the evidence and rendered judgment for the defendant for costs.

Opinion of the court by

BURFORD, C. J.: The contention of plaintiff in error is that the court erred in sustaining the demurrer to the evidence. We think there was no error in this. The written agreement is an executory contract; all of its conditions are to be performed in the future. Haynes agreed to sell Miss Brown 20 shares of stock in a corporation; he was to transfer and assign the stock to her and procure its transfer upon the books of the company; she was then to pay him $2000; they each deposited $500 to be forfeited to the other in case of failure to perform the agreement. The plaintiff alleged in his petition the ownership of the stock, the execution of the written agreement, the assignment of the certificate of stock, the transfer on the books of the company, the tender or delivery of the certificate and its refusal and the refusal to pay the $2000. The delivery of the stock was a condition precedent to his right to recover. It is contended that the transfer of the shares of the stock on the books of the company passed the legal title and entitled him to recover. This might be so were it not for the provisions of our statute which prescribes the mode of assignment of shares of stock

and delivery is made one of the essential elements of a legal transfer. In section 957, art. 2, chap. 18, Wilson's Statutes, 1903, it is provided:

"Whenever the capital stock of any corporation is divided into shares and certificates therefor are issued, such shares of stock are personal property and may be transferred by endorsement by the signature of the proprietor or his attorney or legal representative, and delivery of the certificate; but such transfer is not valid except between the parties thereto until the same is so entered upon the books of the corporation as to show the names of the parties by and to whom transferred, the number or designation of the shares, and the date of the transfer."

Under this statute, to make an absolute transfer of stock certificates or shares of stock, there must be an endorsement signed. The petition was drawn and the case tried upon the theory that the plaintiff had made valid transfer of the legal title to the shares of stock, and hence, was entitled to recover the purchase price named in the contract. But the petition was fatally defective on this theory—it omitted the necessary and material averment of delivery of the certificate of stock. Delivery was a condition precedent to the right to recover the agreed price. The petition averred an offer to deliver and this made the petition good for the recovery of damages for breach of the buyer's agreement to accept if there had been any damages alleged. There is not even a general averment of damages. The plaintiff having failed to make an actual delivery of the certificates of stock, before he could recover the contract or purchase price, it was incumbent on him to both plead and prove not only an offer to deliver and refusal to accept, but that he was able, willing and ready to

deliver the stock at all times, or offer some valid excuse for his inability to keep good his offer to deliver.

Upon the trial the plaintiff in error adhered to the theory that delivery of the certificate of the stock was not necessary to entitle him to recover the contract price of the stock and did not offer any evidence of the value of the stock or the price for which it could be sold, so as to fix any basis for the assessment of damages. The suit was prosecuted as one to enforce the contract and not as one to recover damages for the breach of a contract. The trial court held that the case fell within the rule announced by this court in the case of *Mansur-Tebbetts Co. v. Willett,* 10 Okla. 383, and we think this correct in several particulars. In so far as the contract sought to fix a penalty as the measure of damages it was to that extent void, and the plaintiff having failed to prove any actual damages by the breach of the contract, it was not error to sustain a demurrer to the evidence.

The counsel for plaintiff in error is to be commended for the exhaustive, able and instructive brief filed in this case upon the subject of the transfer and the assignment of shares of stock in incorporated companies, but in view of the statute cited *supra,* we are not able to reward counsel for his industry.

The judgment of the district court of Kay county is affirmed, at the costs of plaintiff in error.

Hainer, J., who presided in the court below, not sitting; Gillette, J., dissenting; all the other Justices concurring.