## SHIELDS et al. v. SMITH.

No. 4854. Opinion Filed August 3, 1915.

(151 Pac. 207.)

1.  **SALES—Rescission by Buyer.** A party who has contracted to buy property and has paid money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover what he has paid, or for what he has done.

2.  **TRIAL—Province of Jury—Directed Verdict.** The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to reasonably sustain a verdict should the jury find in accordance therewith. Where the evidence is conflicting, and the court is moved to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration, and totally disregarded, leaving solely the evidence for consideration which is favorable to the party against whom such action is leveled.

(Syllabus by Mathews, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by W. W. Smith against John W. Shields and another. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Keaton, Wells & Johnston,* for plaintiffs in error.

*E. J. Giddings* and *G. H. Giddings,* for defendant in error.

Opinion by MATHEWS, C.  The parties hereto will be designated as in the court below.  The action was instituted to recover the sum of $245, which plaintiff claims to have paid defendant Goodwin, who was acting as agent for defendant Shields, as part of the purchase price for furniture and lease of a certain hotel.

In his petition plaintiff alleges that defendant Goodwin entered into an agreement with plaintiff that should plaintiff furnish $445, as part payment of the purchase price of a lease of a certain hotel and for the furniture therein, the said $445 to be delivered to the owner of the said lease and furniture, he would close the deal with said owner and would assist plaintiff in borrowing $3,000 to apply on the payment for said lease and furniture; that he paid said $445 over to the defendant Goodwin; that the said Goodwin failed and refused to assist plaintiff to borrow the $3,000 and to deliver the $445 to the owner of the lease and furniture, and, as a result of the failure of the said Goodwin to carry out said contract, the plaintiff was unable to close the deal for the said purchase.  Plaintiff alleged further that the said Goodwin delivered only $200 of the $445 deposited with him to the owner of the lease and furniture and retained the balance, to wit, $245, which plaintiff claims should have been returned to him for the alleged reason that the owner of the lease and furniture, owing to the failure to make the payment therefor as agreed upon, had repudiated the contract and made no claim to the said $245.  Defendants, for answer, allege that the plaintiff

contracted through them to purchase the lease and furniture of a certain hotel for $3,500 and made a payment thereon of $425, and that $200 thereof was paid to the owner of the lease and furniture and $225 thereof was applied to the payment of their commission due them by the owner of the lease for having negotiated the said sale, and deny that the contract was repudiated by the said owner of the lease and furniture, but allege that the plaintiff failed and refused to comply with the terms of the contract. At the close of the testimony, the plaintiff moved for an instructed verdict, which motion was sustained by the court and a verdict for $245 was returned by the jury as instructed.

Defendants have assigned this action of the court in giving the peremptory instruction, as error, and this court is of the opinion that the assignment is well laid.

This court, in the recent case of *Continental Ins. Co. v. R. C. Chance,* 48 Okla. 324, 150 Pac. 114, held:

"Even though the defendant offers no evidence in rebuttal, where defendant has denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict."

This court in numerous cases has approved the holding first laid down in the case of *Harris v. M., K. & T. Ry. Co.,* 24 Okla. 341, 103 Pac. 758, 24 L. R. A. (N. S.) 858, which is as follows:

"The question presented to a trial court on a motion to direct a verdict is whether, admitting the truth of all the evidence which has been given in favor of the party against whom the action is contemplated, together with such inferences and conclusions as may be reasonably drawn from it, there is enough competent evidence to

reasonably sustain a verdict should the jury find in accordance therewith. Where the evidence is conflicting, and the court is moved to direct a verdict, all facts and inferences in conflict with the evidence against which the action is to be taken must be eliminated entirely from consideration, and totally disregarded, leaving solely the evidence for consideration which is favorable to the party against whom such action is leveled."

Plaintiff's right to recover rests upon the question of whose default caused the failure to consummate the deal to purchase the lease and furniture. If the fault lies with the plaintiff, he cannot recover; but, if it rests with the defendants, plaintiff should recover.

This proposition of law is established in a strong case recently handed down by Judge Brewer, being the case of *Hurley v. Anicker*, 51 Okla. —, 151 Pac. 593, wherein it is held:

"A party who has contracted to buy land and has paid money, or done an act in part performance of the agreement, and then stops short and refuses to proceed to its ultimate conclusion, the other party being ready and willing to proceed and fulfill all his stipulations according to the contract, will not be permitted to recover back what he has paid, or for what he has done."

Bearing in mind the above two propositions of law, we will look to the evidence in the case to learn if the defendants have produced evidence such as, if accepted as true, would sustain a verdict in their favor, and, if there is found evidence to that effect, it will follow that the court should not have given a peremptory instruction, but submitted the case to the jury under proper instructions.

It appears from the evidence in this case that defendant Shields was engaged in the real estate business

in Oklahoma City, and that defendant Goodwin was work-
ing in his office as a subagent; that Mrs. Kahn had listed
with defendant Shields a rooming house or hotel, con-
sisting of a lease on the building and the furniture there-
in, for him to find a purchaser therefor. The defendant
Goodwin entered into negotiations with plaintiff to sell
the same to him, and they came to an agreement, and
plaintiff paid over to Goodwin $445, and of this sum de-
fendants kept $245 and paid over to Mrs. Kahn the sum
of $100 on two different occasions, which defendants
claim was for an option, but plaintiff claims that the en-
tire $445 should have been paid over to the owner of the
lease.

It seems plaintiff was to pay $3,500 in cash by a
certain time for the lease and assume a mortgage thereon
for $7,500. To raise the balance of the $3,500, according
to plaintiff's testimony, he was first to apply to a relative
for a loan for the required amount, and, in case of failure
to obtain the same, defendant Goodwin had agreed to
assist him to borrow the same. Plaintiff failed to get
the required amount from a relative, and it seemed that
he and Goodwin were unable to borrow the same, and,
when he applied to Mrs. Kahn for a return of some por-
tion of the $445 paid over to Goodwin, he then, for the
first time, learned that Goodwin had paid over to Mrs.
Kahn $200 only, and he at once demanded the $245 from
him.

While plaintiff, in his pleadings, based his right to re-
cover the $245 on the theory that Mrs. Kahn had, owing
to the failure to make the payment according to con-
tract, repudiated the contract, and had refused to accept
the $245, and was making no claim therefor, yet at the
trial he seems to rely upon his contention that defendant

Goodwin had agreed to assist him in borrowing the balance of the $3,500 and had failed to do so, and for that reason it became the most material question in the whole case whether or not Goodwin had agreed to assist plaintiff to raise the balance of the $3,500. Plaintiff testified on this point, in reply to a question as to how the balance was to be raised, that he was to obtain a loan through his brother-in-law, and in case he failed there that Goodwin told him that he could get it without question, and that he would guarantee it.

Defendant Goodwin did not testify at the trial, but defendant Shields testified that when plaintiff paid over the $445 to Goodwin he was present, and that he "asked Mr. Smith if he was able to carry out this deal, to go through with it and pay the balance of the money, and told him that I did not want him to pay any money in my office unless he was and unless he understood it, and Mr. Smith told me that he could get the money from some relative in Missouri, and I understood that there would be no trouble about it at all."

This testimony was not denied by plaintiff, and is not explained by him in any way, and is sufficient to have warranted the jury in finding that defendant Goodwin had not agreed to assist plaintiff in raising any sum. Goodwin, it appears, was also present, and plaintiff did not tell defendant Shields that Goodwin had agreed to assist him in raising the money, but did tell him that he could get the money from a relative in Missouri. Under the rule, this testimony must not only be accepted as true, but all inferences and conclusions that may reasonably be drawn from it, one of which is, it may reasonably be inferred that plaintiff's plan to raise the balance of the money was to get it from his brother-in-law and that de-

fendant Goodwin had not promised to assist him to raise it, because, if that had been true, he would most likely have informed Shields of that plan also.

Another proposition within itself is almost sufficient to send this case to the jury, and that is the fact that plaintiff was making an arrangement, as he contends, to make a loan of $3,000 upon property he was purchasing for $11,000, upon which there was a first loan of $7,500, and upon which he had paid only $500. It is quite unreasonable to suppose that any one had guaranteed and bound himself to such a contract when $500 was all he expected to realize out of the transaction. Such improbable conditions should always go to the jury for their findings.

There are other discrepancies and conflicts in plaintiff's testimony, which we deem it unnecessary to set out and discuss here, but which made the whole case one for the consideration of the jury, and it was error for the court to give a peremptory instruction.

Another phase of the testimony which also raised a question for the jury was the statement made by defendant Shields to the effect that he purchased an option on this property from Mrs. Kahn and sold the property direct to plaintiff. If the jury should find that statement to be true, then defendant would have the right to retain what had been paid him by the plaintiff if he should default in paying the balance.

Counsel for plaintiff complains of the evasiveness of defendant Shields in testifying, and the criticism seems deserved, but these points are for the jury's consideration in weighing his testimony, as the jury is the sole and exclusive judge of the credibility of the witnesses and the weight and value to be given their testimony.

If the defendant Goodwin agreed with plaintiff to assist him to raise the balance of the $3,500 necessary to complete the purchase of the lease and furniture and failed to do so, and the plaintiff, relying on said agreement, was induced to pay over the $445, if he is entitled to recover at all, we see no reason why, upon his making acceptable proof to the jury, he is not entitled to recover the entire amount of $445.

For the reasons given, the judgment should be reversed, and the cause remanded.

By the Court:  It is so ordered.