[L. A. No. 9398.   Department Two.—October 30, 1928.]

BARSTOW SAN ANTONIO OIL COMPANY (a Corporation), Appellant, v. L. P. WHITNEY et al., Defendants; HARVEY S. MOURNING, Respondent.

May F. Hogan for Appellant.

Swing & Wilson for Respondent.

LANGDON, J.—This is an appeal from an order of the superior court, state of California, in and for the county of San Bernardino, denying plaintiff's motion to set aside a judgment rendered in said cause in 1920, in favor of defendants, quieting their title to certain mining land and enjoining plaintiff from interfering therewith. The motion also sought to set aside certain contempt proceedings against the attorney representing the plaintiff herein in which said attorney was adjudged guilty of contempt for disobeying the former judgment and decree in the quiet-title suit.

The ground of the motion and amended motion to vacate the former judgment and the subsequent proceedings founded thereon is that said judgment is void upon its face. It is contended that this patent invalidity appears from the following facts: 1. That the court lacked jurisdiction of the parties defendant; 2. That the judgment fails to state that the issues are determined therein as between the parties defendant and that, as a matter of fact, they were not so determined; 3. That the recitals in the judgment regarding the defendant Fuller's Earth Company of America dispute the records of the superior court in another action and are a fraud upon the plaintiff and upon the court.

The judgment under attack was rendered and entered on January 19, 1920. It is in form a judgment quieting title of the defendant H. S. Mourning to certain described portions of the property in question and decreeing that the plaintiff corporation herein has no right, title or interest therein and that as to the defendant the Fuller's Earth Company of America, it is rightfully in possession of said property and of the whole thereof as the tenant of the said defendant Mourning and further decreeing that as to certain other portions of said property set forth in the complaint, the plaintiff is the owner and entitled to the possession thereof and that none of the defendants has any right, title, or interest therein.

The foregoing judgment, while undated, was duly signed by the trial judge and takes effect from the time the same was entered, to wit, January 19, 1920. The judgment is not void upon its face and hence was not subject to motion to vacate the same upon that ground. Much of the material relied upon by appellant upon its motion to vacate was irrelevant upon the issue presented by the motion, i. e., the invalidity of the judgment upon its face; although it might possibly have value in a direct attack upon the judgment in a proceeding in equity to set the same aside.

The order appealed from is affirmed.

Richards, J., and Shenk, J., concurred.

Hearing in Bank denied.

All the Justices concurred.