## GOLDBERG et al. v. WADDINGTON, Adm'x.

No. 21308. Opinion Filed Oct. 11, 1932.

Samuel A. Boorstin and John F. Conway, for plaintiffs in error.

H. E. Chambers, for defendant in error.

KORNEGAY, J. This is a proceeding in error to reverse the action of the court of common pleas of Tulsa county, in a suit by the administratrix of the estate of Mary

Ellen Bodine, deceased, against Harry Goldberg and W. M. Goldberg, the present plaintiffs in error. The suit originated in a justice of the peace court of Tulsa county, and was for the recovery of $185 that was alleged to have been deposited by the intestate of the plaintiff below, the defendant in error, on the purchase of a $300 diamond ring. In the justice court there was a judgment for the sum of $185 on default. Within ten days an appeal bond was filed, and the cause was taken to the court of common pleas.

Both sides made their opening statements, and request was made for judgment on the opening statement of counsel, and an opening statement was made by the defendants below, the present plaintiffs in error. It was claimed that there was a contract of purchase, entered into between the deceased and the defendants, to buy a diamond ring at the price of $300, and that on this purchase price there had been paid a small diamond ring and $10 in money, and that credit had been given for the small diamond ring in the amount of $75, and that the party had paid $10 more, and that the defendants at all times were ready, able, and willing to carry out the contract, but that it had been breached by the intestate of defendant in error in failure to pay.

Witnesses were called on both sides, and from the clear result of the testimony it appeared that the contract of sale had been made, and the small ring turned in as part payment and $10 more, before the intestate died, and that the ring she desired to buy had been segregated from the balance of the stock, placed in an envelope, and memorandum made showing the transaction, and that receipts had been given to the deceased for the payments made, and that the diamond ring received from intestate had been disposed of in the usual course of business by the defendants below. It appeared that the deceased had died with no estate out of which to pay funeral expenses, and that the administrator had gone to the defendants and desired to rescind the trade, but the defendants stood upon the contract.

A good deal of objection was raised to the testimony as to what the diamond was worth, and some to the matter concerning the controversy, and the demand for the diamond ring and the cash deposits in the shape of a letter written by the attorney of the plaintiff was introduced in evidence, with a statement as to suing for twice the value. On the trial the defendants expressed a willingness to go on with the trade upon the payment of the balance, and there was some controversy as to whether or not the defendants were claiming the payments as having been forfeited for not making further payments.

At the conclusion of the evidence, plaintiff asked for an instructed verdict, and the court instructed the jury to find for the plaintiff in the sum of $85 and costs. The jury rendered the verdict, followed by a motion for new trial, which was overruled, and by proceedings in error here.

Briefs have been filed by the parties, plaintiffs in error claiming that the rule is well established with reference to sales of specific property that partial payments cannot be recovered by the purchaser. The other side claims that the rule does not fit the case we have here, affirming that the lower court did right in instructing the jury to find for the plaintiff. The case of Haynes v. Brown, 18 Okla. 389, 89 P. 1124, is cited, and LaCumbre Golf & Country Club v. Santa Barbara Hotel Co. (Cal.) 271 P. 477, is cited, and section 5987, C. O. S. 1921 [O. S. 1931, sec. 9974], on the subject of resale, is cited, and also the case of J. I. Case Plowworks v. Stewart, 70 Okla. 210, 173 P. 1048, is cited. A long line of cases is cited by the other side from this state, affirming the doctrine that partial payments cannot be recovered so long as the other side continues to be ready and willing to complete the trade.

As applied to the present case, it is unfortunate that the trade was made and that the intestate died before completing it by making her payments, but that will not change the aspect of the law, as declared in a series of cases decided by this court, beginning with Helm v. Rone, 43 Okla. 137, 141 P. 678, and a line of cases since, among others, Kyger v. Caudill, 115 Okla. 102, 241 P. 814. As a means of differentiating the present case, it is sought to make the deduction that there was some evidence arising from a declaration made by Goldberg of a forfeiture as to partial payments, but even though that condition was in the Kyger Case, the court announced in the first section of the syllabus as follows:

"Where the vendee contracts in writing with the vendor to purchase his homestead property and makes a partial payment at the time the contract is executed and the contract provides a definite time for payment of the balance due and for forfeiture of amount paid as liquidated damages if default is made in payment of balance due, the contract is void, under section 5240, Comp. St. 1921, but the vendee cannot de-

fault in payment provided by the contract and recover the amount paid, where the vendor and his wife are ready and willing to live up to the contract and offer to convey the property upon full payment being made."

In the case of Kershaw v. Hurtt, 66 Okla. 117, 168 P. 202, which was an equitable action, the same doctrine is announced in the first two sections of the syllabus, as follows:

"In this state an agreement providing for a forfeiture in case of nonperformance of a contract is unlawful and cannot be enforced, but the parties to such contract, being in equal fault, neither party can recover money or property advanced in furtherance of such an agreement.

"In case of an executory contract being made for the sale and purchase of lands, the deed to be delivered upon payment of consideration as same becomes due, where the vendee fails to perform his part of the contract, there being no failure, fault, or wrong on the part of the vendor, the vendee cannot recover any money or property advanced under such contract, nor obtain, by way of original action, affirmative relief as to the cancellation of mortgage given on other land to secure a part of the consideration."

The rule above announced is followed by the text-writers and the Supreme Court of the United States.

The case of Shields v. Smith, 50 Okla. 548, 151 P. 207, is to the same effect, and was a case of purchase of a lease on a hotel and furniture, and is likewise a case where the court had directed a verdict for the plaintiff, which direction was reversed.

Had the action brought by the plaintiff below been based on the proposition of paying out and finishing the contract, a great many of the things that are here urged would be here relevant, but it is not based on that. It is based on repudiation of the contract without any reason therefor that is apparent from the record. In the event that the plaintiff below desires to bring an action to carry out the contract, she should be permitted to do so under the usual terms, regardless of the result of this case, but as we view the law in this case, there was no right of action in favor of the plaintiff below to recover the payments that were made.

The case is accordingly reversed, with directions to the lower court to set aside its judgment and to dismiss the proceeding at the cost of the defendant in error.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. HEFNER and RILEY, JJ., absent.