G. A. NICHOLS, Inc., v. HAINEY.

No. 30284.   Jan. 27, 1942.

Rehearing Denied March 3, 1942.

*122 P. 2d 809.*

John H. Shirk, Charles E. Earnheart, and Twyford & Smith, all of Oklahoma City, for plaintiff in error.

Claud Briggs, John Morrison, and T. A. Aggas, all of Oklahoma City, for defendant in error.

HURST, J.   This is an action by plaintiff, G. A. Nichols, Inc., to cancel

a contract made by it with defendant Hainey for the sale of lots 17 and 18, block 6, in the town of Nichols Hills, or in the alternative for specific performance of the contract. The trial court canceled the contract, and gave Hainey judgment against plaintiff for $586.50, with interest from December 27, 1939, at 6 per cent per annum until paid. Plaintiff appeals.

The facts are these: On April 17, 1937, Hainey, who was employed by Southwestern Bell Telephone Company at a salary of $7.60 per day, by written contract agreed to purchase the lots from plaintiff for a consideration of $2,100, $335 of which was paid at the time of the execution of the contract. The balance was payable at the rate of $25 per month up to and including April 17, 1940, and on May 17, 1940, Hainey was to pay $864.50 as the final payment. When such payment was made plaintiff was to execute and deliver to Hainey a good and sufficient warranty deed conveying the lots to him, and also to deliver an abstract of title showing good and merchantable title in it. The contract provided that Hainey should pay all taxes and special assessments that became a lien on the property after the date thereof. It further provided that if Hainey for any reason failed, neglected, or refused to make the payments specified in the contract, or to keep and perform the obligations thereof, plaintiff could forfeit the payments made and cancel the contract, or could declare the balance due and payable at once. On the same date plaintiff, as a part of the same transaction, gave Hainey a letter stating that any and all back taxes and assessments due on the lots would be paid by it the first of the week. At the time the contract was signed general taxes from 1931 to 1936, inclusive, amounting, with penalty, to $191.90, paving taxes from 1932 to 1936, inclusive, amounting to $172.70, and sewer taxes amounting to $74.37, being for the years 1931, 1932, and 1933, were all due and unpaid. On July 17, 1937, the taxes on lot 17 up to and including the 1936 taxes were paid. All delinquent taxes on lot 18, amounting to $271.64, were still unpaid at the time the case was tried. Hainey did not take possession of the lots, or erect any improvements thereon.

In its petition plaintiff pleaded the contract, alleged that Hainey had made no payments thereon since January 17, 1938, and that under the contract it was entitled to "and hereby does declare the contract canceled and declares the same to be void and of no force and effect." It asked that the title and right of possession in and to said lots be quieted in it.

Hainey in his answer and cross-petition alleged that he was induced to execute the contract and make the payments he made by the promise of plaintiff to pay the taxes; that upon discovering that they had not been paid, he repeatedly requested that payment thereof be made, and was assured that payment would be made; that on April 7, 1938, he demanded that the taxes be paid, advising plaintiff that he would not make further payments on the contract unless the taxes were paid, and that the taxes were not paid at any time, but were still delinquent. He alleged that by reason of the failure of plaintiff to comply with its contract he was entitled to recover the sums paid by him, with interest.

When the case was called for trial, the plaintiff, by leave of court, filed an amendment to its petition in which it in effect asked for a decree of specific performance, alleging its willingness to carry out the contract and deliver good title to Hainey upon payment of the balance due "now or at the termination of the contract as provided therein or may be provided by the judgment of this court."

The testimony of Hainey, his wife, who made payments for him on the contract, and Rice, the salesman who sold him the lots, was that Hainey refused to complete the deal until the letter agreeing to pay the delinquent taxes was signed by plaintiff. Hainey's wife testified that she repeatedly complained to plaintiff about the failure to comply

with that agreement, and that in November, 1937, she refused to make the monthly payment because the taxes had not been paid, and resumed making payments the following December on the representation that the taxes had been paid, and that later they found out that the taxes had not been paid, and advised plaintiff that they would not make any more payments until the taxes were paid. She testified to numerous trips to the office of plaintiff in reference to the nonpayment of the taxes. The testimony of the employees of plaintiff tended to contradict this last statement, but it was admitted that Mrs. Hainey was in the office frequently, and the records show that the November, 1937, payment on the lots was not made. Both she and Hainey testified that they stopped making payments in April, 1938, when they discovered that the taxes were still unpaid, and Mrs. Hainey testified that at that time she, acting on her husband's instructions, advised plaintiff that Hainey would make no more payments because of the failure to pay the taxes, and demanded the return of the money paid on the lots.

Plaintiff contends: (1) that its breach of the contract was so slight that Hainey was not justified in rescinding the contract; (2) that Hainey did not rescind promptly; and (3) that Hainey's offer to rescind was not clear and definite.

1. In support of its first contention plaintiff calls attention to the general rule stated in 17 C.J.S. 906, that rescission will not be permitted for a slight or casual breach of the contract, but only for such breaches as are so substantial and fundamental as to defeat the object of the parties in making the agreement. It contends that at the time Hainey discontinued making payments on the contract he still owed on the purchase price an amount greatly in excess of the taxes, and that it was his duty to continue his payments until the balance due equaled the taxes due, and then demand performance by plaintiff. It cites and relies upon Putnam City Co. v. Minnetonka Lbr. Co., 95 Okla. 149, 218 P. 1061, Minnetonka Oil Co. v. Cleveland Vitrified

Brick Co., 27 Okla. 180, 111 P. 326, Shields v. Smith, 50 Okla. 548, 151 P. 207, Sonken-Galambra Corp. v. Abels, 185 Okla. 645, 95 P. 2d 601, and a number of cases from other states as supporting this contention. A reading of these cases discloses such a difference in the facts, and in the situation of the parties, as to render them inapplicable to the case at bar.

The court was justified in believing from the evidence that the payment of the taxes was considered by the parties as an important element of the contract of sale. The signing of the letter agreeing to pay the taxes by the plaintiff was required before the defendant would agree to purchase the lots. Compliance with the agreement to pay the taxes was undoubtedly contemplated by the parties. The breach of the agreement to pay the taxes was not trivial but material. Black, Rescission and Cancellation (2d Ed.) § 198, at page 555, states the rule as follows:

"The test, it is said, is to consider whether or not the matter in respect to which the failure of performance occurs is of such a nature and of such importance that the contract would not have been made without it."

For a similar statement see Putnam City Co. v. Minnetonka Lbr. Co., above. See, also, Kansas City Pants & Shirt Co. v. Cohlmia, 138 Okla. 151, 280 P. 611; 6 R.C.L. 926, § 311; 12 Am. Jur. 1021, § 440; 13 C. J. 613; 17 C.J.S. 906. Our statute, section 9498, O. S. 1931, 15 O.S.A. § 233, authorizes a party to rescind where, through no fault of his, "the consideration for his obligation fails in whole or in part."

We conclude that the failure of the plaintiff to pay the taxes was a material breach of the contract and such as entitled Hainey to rescind.

2. The contention of the plaintiff that Hainey did not rescind promptly is not sustained by the record. True, Hainey did not bring an action immediately after he rescinded, for he apparently hoped to make an amicable adjustment of the matter. He made no further pay-

ments after he rescinded, and demanded the return of those made. When this action was filed both parties considered the contract terminated. Nor can Nichols penalize Hainey for believing the representations that the taxes would be paid and continuing payments after November, 1937.

3. What we have said above disposes of the third contention. The judgment of the trial court did equity, and was not clearly against the weight of the evidence.

Affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, and GIBSON, JJ., concur. RILEY, DAVISON, and ARNOLD, JJ., absent.