WALLACE et al. v. SMITH.

No. 34683. Dec. 11, 1951.

*240 P. 2d 799.*

558

Walter Billingsley and Allen G. Nichols, Wewoka, and Ned Looney, Oklahoma City, for plaintiffs in error.

Charles E. Grounds and E. Keith Cooper, Seminole, for defendant in error.

CORN, J. Defendants owned and operated the Nuway Cleaners in Maud, Oklahoma. In March, 1949, plaintiff began negotiations relative to purchase of the business, including the real property where the establishment was located. The negotiations culminated March 12, 1949, in the execution of a contract to purchase, by the terms of which plaintiff agreed to pay $2,000 in cash, execute notes secured by a mortgage for $5,500, bearing 6% interest, payable $150 per month, subject to specified increase based upon net profits. The contract provided for delivery of good title, and defendants warranted title to all property involved. On March 14, 1949, defendants executed their warranty deed to the premises and a bill of sale covering the physical equipment, and plaintiff took possession of the property and commenced operating the establishment. The warranty deed described the property as follows:

"The East Sixteen and one-half (16 1/2 ft.) of Lot Two (2), Block Fifteen (15), of the East Maud addition to the town of Maud."

The body of the deed further stated:

"It is understood that the building is 16 1/2 feet wide and 60 feet long; the lot being 140 feet long."

After taking possession and making two monthly payments, plaintiff learned the property was not as warranted, the lot being only 115 feet in length. Thereupon plaintiff notified defendants of the discrepancy, offered to restore to them everything of value, and asked to be restored to her former position. Upon defendant's refusal the plaintiff brought suit seeking cancellation of the deed and restoration of the parties to their former position, on the grounds the property was not as warranted.

Defendants then filed suit to foreclose their mortgage and for judgment upon the unpaid balance due, and secured appointment of a receiver who assumed control and operation of the business. The receiver resigned and defendants took possession of and have continued operation of the business.

The case was tried to the court, who made written findings of fact and conclusions of law. Judgment was rendered ordering restoration of the property and that defendants return the consideration paid, less $300, found to be a reasonable rental during the period of plaintiff's occupancy.

Plaintiff testified that prior to execution of the deed, Mr. Wallace told her the lot was 140 feet long, and that she would not have purchased the property had she known there was less footage; that it was her intention to build a laundry on the lot, to be operated in conjunction with the cleaning business; after discovering the discrepancy she wanted to return the property but defendants would not agree to this.

The evidence further disclosed defendants acquired this property from a tax sale purchaser, and had no abstract covering same. Such fact was made known to plaintiff and defendants declined to have an abstract made because of the expense. Plaintiff retained an attorney who drafted the contract and checked the title as to existence of mortgages, taxes and liens, the parties having agreed defendants would contribute $25 to this expense. In drafting the original contract this attorney asked defendants the description and size of the property, and defendants told him it was a standard city lot.

The attorney stated that a standard city lot was 140 feet long and the contract was drafted to show this, although the town plat showed the lot to be 115 feet long. The contract was signed in the office of defendants' attorney, after being changed to show defendants were conveying a "good" rather than "merchantable" title. Plaintiff's attorney participated no further in the transaction than to check the records and draft the original contract.

It was defendants' theory, substantiated by considerable evidence, that they had a going business which grossed from $1,000 to $1,400 per month; that plaintiff desired to purchase same and instigated negotiations which culminated in her purchase of the property, but that she was unsuccessful in her operation and sought to rescind the transaction in order to be relieved of her obligation. Defendants also introduced evidence concerning the value of vacant lots adjoining this property, in an effort to show the breach of warranty was immaterial, since plaintiff could purchase such property at a nominal figure and thus be enabled to accomplish her original purpose of building a laundry. Defendants testified to their willingness for plaintiff to continue with the contract after paying the amount in arrears.

The court found plaintiff purchased the property with the intention of building a laundry, and upon discovering the discrepancy offered to restore same to defendants; the only matter plaintiff relied upon as grounds for rescission and restoration was the length of the lot; that plaintiff had not received the full consideration and so elected, as was her right, to rescind the contract; that she had the right to rely upon defendants' representation of a material fact, even though she could have ascertained the nonexistence of such fact; that under the pleadings plaintiff was only entitled to restoration. Judgment was rendered for plaintiff in conformity with such findings.

Defendants urge reversal of the judgment principally upon the proposition that rescission of a contract should not be permitted for a slight breach, but only for such a substantial breach as defeats the object of the parties in making the agreement. See 17 C.J.S., Contracts, §422. The argument offered to support such proposition is that the consideration ($7,500) was based solely upon the value of the business at the time of the sale, which was the main purpose of the contract, and defendants' breach was not material to the transaction and had no bearing upon the consideration. Further, plaintiff could not rely upon the lot being 140 feet long with the expectation of building thereon, since it would take more than this amount of land to accomplish her purpose, so that defendants slight breach is immaterial in view of the fact plaintiff could purchase adjoining lots for a nominal sum and thus accomplish her original purpose. Supporting such argument defendants cite and rely upon Hurley v. Anicker, 51 Okla. 97, 151 P. 593; Putnam City Co. v. Minnetonka Lbr. Co., 95 Okla. 149, 218 P. 1061; and G. A. Nichols, Inc., v. Hainey, 190 Okla. 242, 122 P. 2d 809. These cases adhere to the general rule that partial failure of performance is grounds for rescission of a contract where it defeats the object of the agreement or is such that no contract would have been made if default in the particular matter had been contemplated by the parties.

No question arises as to a vendee's right to rescind, such right arising by statute. 15 O.S. 1941 §233. This entire controversy turns upon whether the breach relied upon by plaintiff as grounds for rescission is to be treated as a slight breach, or one which defeated the object of the contract. It is unnecessary to consider the argument that this must be held to be only an immaterial breach, inasmuch as the evidence showed plaintiff could purchase adjoining lots for a nominal sum and thus be enabled to accomplish her original intention. We are cited to no rule of law requiring a vendee to ac-

cept less than the contract calls for merely because adjoining property may be purchased for a nominal sum and utilized in effectuating the original purpose which was the basis for such vendee entering into the contract.

In 55 Am. Jur., Vendor and Purchaser, §55, is found the following:

"A mutual mistake as to the quantity of the land sold may afford ground for equitable relief from a contract which the parties would not have made had the truth been known to them. In relation to a sale and purchase of land a mistake as to the quantity is deemed equivalent to a mistake in the existence of a material part of the subject of the contract.

"The apparent conflict and discrepancies in the adjudicated cases involving mistakes as to quantity arise not from a denial of or a failure to recognize the general principle, but from the difficulty of its practical application in particular cases in determining the questions whether the contract was one of hazard as to quantity or not and whether the variance is unreasonable. The relative extent of the surplus or deficit cannot furnish, per se, an infallible criterion in each case for its determination, but each case must be considered with reference not only to that but also to its other peculiar circumstances. The conduct of the parties, the value, extent, and locality of the land, the date of the contract, the price, and other nameless circumstances, are always important, and generally decisive. In other words, each case must depend on its own peculiar circumstances and surroundings."

The trial court's findings, supported by the evidence, were to the effect that plaintiff relied upon defendants' representations as to the quantity of land to be conveyed; the discrepancy in amount constituted a partial failure of consideration which nullified plaintiff's object in entering into the contract and gave rise to her right to rescind. As noted heretofore, what constitutes a slight or immaterial breach of a contract depends upon the peculiar circumstances of each case. The partial failure of consideration arising from breach of defendants' warranty was, under the circumstances disclosed by the evidence, sufficiently material to defeat the object of the contract. We are of the opinion the following rule, announced in syllabus 1 of G. A. Nichols, Inc., v. Hainey, supra, is decisive of this question.

"A partial failure of performance is ground for the rescission of a contract, when such failure defeats the object of the contract, or when it concerns a matter of such importance that the contract would not have been made if default in that particular had been expected or contemplated."

Defendants further contend the trial court's findings are contrary to the law, and the evidence, in that the court failed to consider the written contract, which made it impossible to ascertain the true intention of the parties. They rely upon the rule announced in Kokomo Oil Co. v. Bell, 81 Okla. 247, 198 P. 326, to the effect that where parties to an agreement execute two or more writings concerning the same subject matter, showing on their face to have been executed as a means of carrying out the intention of the other, such writings must be construed together. Defendants point out that the written agreement made no mention of the size of the lot, and showed only that plaintiff was purchasing the business located upon the described premises. Hence defendants urge that the court erred in failing to construe the two instruments together, since the parties' real intention could have been ascertained had this been done and, under the evidence, a different result would have been reached.

Such argument fails to recognize the fact that the agreement of the parties was merged into the deed executed by defendants. The applicable rule is stated in 55 Am. Jur., Vendor and Purchaser, §327, as follows:

"In the absence of fraud or mistake, and in the absence of contractual provisions or agreements which are not

intended to be merged in the deed, upon acceptance of a deed tendered in performance of an agreement to convey, the written or oral agreement to convey is merged in the deed, the agreement to convey is discharged or is modified as indicated by the deed, the deed regulates the rights and liabilities of the parties and evidence of contemporaneous or antecedent agreements between the parties is inadmissible to vary or contradict the terms of the deed. Where there is no mistake or fraud a deed executed subsequently to the making of an executory contract for the sale of land is generally regarded as conclusive evidence of a previous modification of the executory contract."

The most recent application of this principle may be observed in Herminghausen v. Pierce, 187 Okla. 501, 104 P. 2d 252, and Peoples' Finance & Thrift Co. v. Fuller, 196 Okla. 32, 162 P. 2d 189.

The trial court properly determined the intention of the parties, and such determination is supported by the evidence.

Judgment affirmed.

HALLEY, V.C.J., and WELCH, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.