**Mona SCOTT, Plaintiff in Error,**

**v.**

**Dr. George H. MILLER, Defendant in Error.**

**No. 36972.**

Supreme Court of Oklahoma.

July 17, 1956.

Clarence Warren, Harley Van Cleave, Raymon B. Thomas, Charles C. Liebler, Tulsa, for plaintiff in error.

Carter Smith, Holly L. Anderson, Tulsa, for defendant in error.

PER CURIAM.

Mona Scott, plaintiff in error, as plaintiff brought this action in the District Court of Tulsa County against Dr. George H. Miller, defendant in error, to recover the sum of $45,758.25 alleged to be due on a contract involving the operation of a loan business. The parties will be referred to as they appeared in the trial court.

The cause was tried by the court without a jury and from the judgment of the trial court, in defendant's favor, denying recovery to plaintiff, she appeals.

The written contract on which plaintiff relies was entered into by plaintiff and defendant on April 24, 1934. According to the provisions thereof pertinent to the issues here, the defendant was to furnish

funds with which to start a small·loan business in the city of Tulsa; plaintiff was to be employed as the manager, receiving as compensation for her services forty per cent of net profits payable monthly; either party could terminate the agreement by giving sixty days written notice.

It is not disputed that the business was operated under the contract until April 1, 1941; that plaintiff up to that date drew approximately $300 per month as a drawing account, charged against her percentage of the net profits and that accounts as between the parties were settled as of April 1, 1941. The date of settlement of the amount then due plaintiff coincided with the effective date of the Oklahoma Small Loans Act, 15 O.S.1951 § 280.1 et seq. and was preparatory to a change in operation of the business to comply with the Oklahoma statute.

■ The controversy arises over the contention of plaintiff that the business was continued until July 1, 1954, under the original contract and that she had only drawn $300 per month against her 40 per cent of the net profits and was entitled to the balance due thereon. Defendant contends that the written contract was abrogated by mutual consent effective April 1, 1941, and that they then made an oral agreement to continue the business under the provision of the Small Loan Act and plaintiff was to serve as manager at a salary of $300 per month without sharing in the profits.

While it appears from our examination of the record that the plaintiff's evidence reasonably tends to support her contention that no new agreement was made, it must be said that the evidence on the part of the defendant, which consisted of his own testimony, corroborated by other witnesses and certain records of the business reasonably tended to establish that plaintiff and defendant agreed to abrogate and rescind the written contract and enter a new one by which plaintiff was to receive only a salary of $300 per month.

■ The trial court concluded from the evidence that there was an intention on the part of the parties to abrogate and rescind the old contract and enter into a new one, and that by parol agreement they did rescind their old contract and enter a new contract. It is settled in this jurisdiction that the parties may, by parol, rescind, discharge or terminate a written contract, or may enter into a new contract as a substitute for the old. Levin v. Hunt, 70 Okl. 63, 172 P. 940; Bredouw v. Wilson, 208 Okl. 393, 256 P.2d 421. Although, as stated in the latter case, the evidence to support the rule must be positive, clear and convincing with the burden of proof on the party alleging termination of the written contract, it is also true that where, as here, the judgment of the court, as the trier of the facts, is amply supported by the evidence, the judgment will not be disturbed on appeal. Bredouw v. Wilson, supra; Wallace v. Smith, 205 Okl. 557, 240 P.2d 799.

The trial court's determination of the parties intention being supported by the evidence and there being no error of law, the judgment is affirmed.

Affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford and approved by Commissioners James H. Nease and Jean R. Reed, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.