**DOENGES MOTORS, INC.,**
Plaintiff in Error,

v.

**BANKERS INVESTMENT COMPANY,**
a Corporation, Defendant in Error.

No. 39401.

Supreme Court of Oklahoma.

March 6, 1962.

Green & Feldman, Raymond G. Feldman, W. E. Green, Wm. S. Hall, George A. Farrar, Tulsa, for plaintiff in error.

Houston, Klein & Davidson, Jack Fine and Edmund Lashley, Tulsa, for defendant in error.

Dyer, Powers & Gotcher, Harry L. Dyer, William K. Powers, Deryl L. Gotcher, Thomas G. Marsh, Tulsa, for Oklahoma Auto. Dealers Ass'n, amicus curiae.

IRWIN, Justice.

Bankers Investment Company, a financing corporation, commenced this action against Doenges Motors, Inc., a retail automobile agency, alleging three separate causes of action. Doenges Motors, Inc., hereinafter referred to as Doenges, appeals from a judgment in favor of Bankers Investment Company, hereinafter referred to as Bankers, on all three causes. For clarity, each separate cause of action will be considered separately.

### FIRST CAUSE

Bankers first cause of action concerns an assignment to Bankers by Doenges of a conditional sales contract and a promissory note attached, purportedly secured by a "Thunderbird" automobile. Bankers action is based on a breach of an implied warranty of Doenges that title to the automobile was in the signer of the conditional sales contract at the time of its execution and assignment.

The record discloses that on October 25, 1956, Doenges assigned the Manufacturer's Statement of Origin to the "Thunderbird" automobile and executed and delivered a bill of sale to W. C. Moore; on the same date W. C. Moore signed a conditional sales contract for $3,747.21 in favor of Doenges and Doenges assigned the conditional sales contract to Associates Discount Co.; on December 10, 1956, Doenges purported to sell the same automobile to Peter B. Fultz; Fultz signed a conditional sales contract for $4,354.00 in favor of Doenges which assigned the same to Bankers for $3,387.98, on the same date; the car later turned back to Doenges and sold by Doenges for $2,565.79, said sum being paid to Bankers. Bankers had expended $3,964.93 for the contract of Fultz and servicing thereof, and there remained a balance of $238.93.

In the trial court's findings and conclusions of law, it found that Doenges by virtue of the assignment warranted it had title and that the warranty failed and Bankers received no security and had purchased

an unsecured note; that the assignment from Doenges to Bankers was without consideration and that Bankers was entitled to rescind the contract. In the first cause of action judgment was entered for Bankers for $238.93, with interest.

Doenges contends the trial court erred in overruling its demurrer to the evidence; that Bankers did not allege nor prove that the debt owing by Fultz was not a genuine, valid or subsisting obligation. Doenges submits that the determining factor is that Fultz unequivocally testified that he had purchased the automobile and received a bill of sale from W. C. Moore acting on behalf of Doenges and Bankers cannot complain that W. C. Moore retained title to the automobile over Fultz and there was no failure of consideration.

An analysis of the entire evidence with reference to the bill of sale being issued to Fultz reveals that Fultz did not know if the bill of sale was from W. C. Moore or Doenges; that Fultz returned the bill of sale to Moore with the other papers; that Fultz never did get a certificate of title. Doenges' contention that Bankers cannot complain that W. C. Moore retained title to the Thunderbird over Fultz admits that Fultz did not have title to the Thunderbird.

■ 6 C.J.S. Assignments § 101, pg. 1159, states that an assignor impliedly warrants that he has a right to pass to the assignee what his assignment purports to pass and, if he lacks title, he is liable to the assignee. And it further states that the implied warranty of validity extends not only to the chose or debt itself, but also to collateral securities or rights which pass by the assignment as incidents.

■ Title 15 O.S.1961 § 233, provides for the rescission of a contract for failure of consideration. In G. A. Nichols, Inc. v. Hainey, 190 Okl. 242, 122 P.2d 809, 139 A.L.R. 967, we held:

"A partial failure of performance is ground for the rescission of a contract, when such failure defeats the object of the contract, or when it concerns a matter of such importance that the contract would not have been made if default in that particular had been expected or contemplated."

When Doenges assigned the conditional sales contract of Fultz to Bankers, Doenges impliedly warranted that it owned a new Thunderbird and had sold the same to Fultz, and that the conditional sales contract created a valid and subsisting lien against the automobile. However, the record discloses that Doenges had previously sold the car to W. C. Moore and had assigned the conditional sales contract in that transaction to Associated Discount Corp., which had a first and prior lien on the Thunderbird; that at the time of the purported sale to Fultz, the Thunderbird was not a new car, but as a matter of fact had eight to ten thousand miles on it.

Doenges does not urge that Bankers would have paid a valuable consideration for the assignment of the conditional sales contract of Fultz had Doenges made known all the facts surrounding the sale of the Thunderbird. Doenges impliedly warranted that the conditional sales contract of Fultz was a valid and subsisting lien against the Thunderbird, when as a matter of fact it was not. Since the conditional sales contract assigned to Bankers by Doenges did not create a valid and subsisting lien against the Thunderbird, the note was unsecured. Therefore, Doenges' implied warranty that such did create a valid and subsisting lien failed.

We hold that Bankers was entitled to rescind the contract with Doenges and recoup its losses against Doenges and that part of the judgment based upon the first cause of action is affirmed.

## SECOND CAUSE

Bankers second cause of action concerns the assignment to Bankers by Doenges of an Oklahoma Retail Installment contract and a promissory note, purportedly secured by a "Fairlane" automobile. Bankers action is based on a breach of an implied warranty of Doenges that the conditional sales

contract created a valid and subsisting lien against the automobile.

The record reveals that Peaches Moore purchased the automobile in question from Doenges on November 3, 1956; on November 7, 1956, a bill of sale was executed by Doenges in favor of Peaches Moore and Doenges assigned to her the Manufacturer's Statement of Origin; on November 8, 1956, the original certificate of title was issued to Peaches Moore; on February 15, 1957, Peaches Moore assigned the original certificate of title to Lauderdale Motor Company and on March 5, 1957, that company sold the automobile to E. E. Humphrey and Mary Humphrey.

Bankers interest is by virtue of an assignment of an Oklahoma Retail Installment contract which was executed by W. C. Moore in favor of Doenges on November 5, 1956, and assigned to Bankers on the same date. This contract covered the automobile above referred to in which the Manufacturer's Statement of Origin was assigned and the original certificate of title issued by Peaches Moore.

In the findings and conclusions of law of the trial court, the trial court concluded that the contract purchased by Bankers from Doenges which was signed by W. C. Moore, conveyed no right, title or lien against the automobile for the reason the car had been sold to Peaches Moore; that the warranty from Doenges to Bankers failed and that Bankers received no security, and in fact, Bankers had purchased an unsecured note; that there was a total failure of consideration and Bankers was entitled to recover on its second cause of action.

Doenges contends that the conditional sales contract assigned to Bankers is valid, genuine and subsisting and there is no failure of consideration; that such contract conveyed to Bankers a lien against the Fairlane automobile.

For brevity, the rule of law as set forth in the first cause of action relative to implied warranties is adopted in this second cause of action.

When Doenges assigned the conditional sales contract of W. C. Moore to Bankers, Doenges impliedly warranted that it owned the new "Fairlane" automobile and had sold the same to W. C. Moore and that the conditional sales contract created a valid and subsisting lien. However, the original Certificate of Title shows that Doenges had previously sold the car to Peaches Moore, issued to her a bill of sale and caused to be issued to her a certificate of title.

In Bankers Investment Co. v. Humphrey and Humphrey, promulgated this date, (Okl.), 369 P.2d 608, Bankers brought an action against the Humphreys to replevin the automobile in question. The Humphreys, whose title was deraigned through Peaches Moore, prevailed in that action. We, in effect, found that the conditional sales contract signed by W. C. Moore in favor of Doenges which was later assigned to Bankers did not create a valid and subsisting lien against the automobile.

Inasmuch as Doenges impliedly warranted that the conditional sales contract created a valid and subsisting lien against the "Fairlane" automobile, when as a matter of fact, it did not create such lien, Bankers is entitled to rescind the contract and is entitled to damages for breach of the implied warranty. Therefore, the judgment based on the second cause of action is affirmed.

### THIRD CAUSE

The third cause of action concerns a retail installment contract with a promissory note attached, secured by a pick-up truck. Doenges assigned the contract to Bankers with full recourse and Bankers action is for the balance due, attorney's fee and interest.

The record discloses that on February 5, 1957, W. C. Moore executed and delivered to Doenges his promissory note in the sum of $2,037.00, and at the same time executed and delivered to Doenges a conditional sales contract secured by the pick-up; that the same were assigned to Bankers in consideration of $1,700.00, with full recourse; that

W. C. Moore sold and transferred the pickup covered in the conditional sales contract and defaulted in the payments and there was a balance due with interest; that Bankers demanded that Doenges pay said balance but Doenges failed, neglected and refused to make such payment. The pickup was repossessed and sold and the proceeds were paid to Bankers, leaving a balance due of $949.99.

The trial court found that Doenges, when it assigned the conditional sales contract to Bankers with full recourse, warranted, agreed and contracted with Bankers that upon default, Doenges would honor its recourse endorsement and repurchase the contract from Bankers. The judgment in the third cause of action was for $949.99, which was the balance due, attorney's fee and interest.

Doenges contends that Doenges and Bankers entered into a comprehensive contract on September 8, 1956, denominated "Discounting Arrangements"; that such contract provides for a revenue system or a special reserve and that Doenges is not obligated to repurchase any repossessions; although the conditional sales contract was assigned to Bankers by Doenges bearing the notation "with full recourse", by virtue of their discounting arrangement contract, Bankers must recoup its loss from the special reserve provided for in the discounting arrangement contract.

The installment contract assigned by Doenges to Bankers which forms the basis of the third cause of action is identical in form with the contracts assigned in the first and second cause of action except however, the assignments in the first two causes of action were made without recourse. In the third cause of action, the words "without recourse" were typed out, and in lieu thereof, the words "with full recourse" were typed in.

Under the terms of the discounting arrangement contract, which Doenges contends is controlling, Doenges was not obligated to repurchase any repossessions although it had the option to do so. If Bankers on repossession sustained a loss, it would liquidate said loss from the reserve account.

Under the assignment "with full recourse" Doenges assumed a contractual liability that if Bankers sustained a loss then Doenges would be obligated to liquidate said loss.

It is apparent that the assignment "with full recourse" changed or modified the terms of the discounting arrangement contract for in the former a loss would be liquidated by Doenges, and in the latter, a loss would be liquidated from the reserve account provided for in the discounting arrangement contract.

■ It is well established that a contract in writing can be changed or modified by a new contract in writing or an executed oral agreement. See Title 15 O.S.1961 § 237; and Osborn v. Rogers, (Okl.), 363 P.2d 219.

Inasmuch as the discounting arrangement contract did not prohibit Doenges from making assignments with full recourse and did not prohibit Bankers from purchasing assignments with full recourse; and, since the assignment was made by one of the three persons designated by Doenges to make the assignment, in the absence of mistake or inadvertence, we can only presume that an offer was made by Doenges to assign the contract "with full recourse" and the same was accepted by Bankers. There inheres in the judgment of the trial court that the discounting arrangement contract was changed or modified by the assignment of the conditional sales contract in question "with full recourse". We are unable to conclude that the judgment of the trial court is against the clear weight of the evidence.

As a part of its contentions in the third cause of action, Doenges contends the discounting arrangement governs and is controlling in the first two causes of action and that any loss Bankers may have sustained should be charged against the special reserve in the discounting arrangement con-

tract. Although this may have been a defense if there had been no breach of the implied warranties in the conditional sales contracts which were in the first two causes of action it is no defense where the implied warranties failed. ·

The judgment of the trial court is affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON and BERRY, JJ., concur.